### Cheatham v. Harmon.

(Decided November 12, 1918.)

### Appeal from Marion Circuit Court.

1. Costs—Party Succeeding in Lower Court Entitled to His Costs in That Court—Counterclaim.—It is provided in section 889 of the Kentucky Statutes that in actions in equity the party succeeding shall recover his costs and where the plaintiff recovers a judgment against the defendant who asserts a counterclaim, although some of the items sought to be recovered by the plaintiff are disallowed and other items sought to be recovered by the defendant are allowed, the plaintiff is entitled to a judgment for his costs.

2. Appeal and Error—Harmless Error in Adjudging Costs.—Although an error was committed by the lower court in adjudging that each party should pay his own cost, when the plaintiff should have had a judgment for costs, this error did not authorize a reversal of the judgment.

C. S. HILL and H. W. RIVES for appellant.

H. S. McELROY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Morgan, who was a tenant of Harmon, under a verbal contract, was to get one-half of the tobacco and one-third of the corn, sold his interest in the crops to his wife, who in turn, on December 6th, 1916, sold to Cheatham the tobacco for $75.00, and the corn for a consideration not stated. Cheatham was also to pay any amount due by Morgan to Harmon on account of advancements.

Soon after Cheatham had purchased the crops he and Harmon, the landlord, got into a controversy as to who

should prepare the tobacco for market, Harmon contending that Morgan, by selling his interest, had forfeited his right to the crops, while Cheatham insisted that he had the right to take the place of Morgan and do in respect to the crops what Morgan, under his contract, was to do. As a result of this dispute, Cheatham brought this suit against Harmon, who, it appears, had taken possession of the tobacco and corn, and sought to recover $250.00 in damages, and also the value of the interest in the tobacco and corn that he had purchased, setting up the value of each.

In answer to this suit Harmon, in addition to denying the material averments in the petition and charging that Morgan had forfeited all his interest in the crops by selling out his interest without the consent of the landlord, asserted a claim for various amounts expended in saving the crops and preparing the tobacco for market, and also his claim for advancements furnished Morgan as his tenant. After the issues had been made up and the evidence taken, the case was submitted, and there was a judgment in favor of Cheatham for $245.42, and it was further adjudged that each party should pay his own cost. From this judgment Cheatham has appealed, contending that he should have had a judgment for the amount prayed for in his petition, and Harmon prosecutes a cross-appeal.

Cheatham, it might here be noticed, complains that the trial court committed error in failing to submit, as requested, certain issues to a jury, but when the complicated and numerous items in dispute between these parties are taken into consideration, it is very plain that no error was committed in overruling this motion. It was clearly a case for the court to hear and determine, because a jury could not intelligently dispose of it.

We have carefully read the briefs and the record, and will not undertake to do more than make a short summary of the material facts.

In reference to the tobacco, it appears that it was well prepared for market and brought $994.36. Harmon claims that he was put to an expense of $132.83 in preparing the tobacco for market, but Cheatham says that this expense should not have exceeded $58.00. Harmon also had a bill for advancements against Morgan amounting to $218.71, and in respect to this the weight of the evi-

dence shows that the bill for advancements is substantially correct.

It appears that there were 129 bushels of corn that Harmon says he should be charged 60c per bushel for, that being the reasonable price of corn in the field at the time it was gathered by him, while Cheatham contends that he should be charged with $1.30 per bushel for the corn. Our conclusion upon these matters is that Harmon should be charged with $497.18 on account of the proceeds of one-half the tobacco, and that he should be charged with $96.75 for the 129 bushels of corn at 75 cents per bushel, making the total charged against Harmon $593.93. There should be deducted from this on account of Harmon's bill for advancements, $218.71, and for labor in preparing the tobacco for market and handling the corn at least $132.83, which would leave a balance due Cheatham of $242.39, or a trifle less than the amount allowed by the judgment. In making this estimate it should be said that in view of the conflicting nature of the evidence it is difficult to get at the correct figures and it is entirely likely that the amount found by the lower court is as correct as it could well be. At any rate it appears to us that the judgment fixed with substantial correctness the amount due by Harmon and we approve it without taking any account of the items asserted as credits by Harmon or considering the contention that Morgan had forfeited his right to the corn and tobacco.

Complaint is also made by Cheatham that the lower court should not have divided the cost in that court between the parties. It is provided in part in section 889 of the Kentucky Statutes that "in actions in equity the party succeeding on the merits or otherwise shall recover his costs," and as it appears that Cheatham did succeed on the merits in recovering a judgment against Harmon, we think the court committed error in not adjudging that Cheatham should also recover his cost. It is true that Harmon set up a counterclaim and that the court disallowed some of the items sought to be recovered by Cheatham and allowed some of the items asserted by Harmon in his counterclaim, but upon the whole case Cheatham recovered a judgment and, under the statute, the cost followed the judgment. This error, however, does not justify a reversal of the case, but upon its return the

judgment of the lower court should be corrected as indicated.

Wherefore, the judgment is affirmed on the original and cross appeals.