FOURTH DEPARTMENT, JULY, 1951.

(July 11, 1951.)

■

CLIFFORD DORNAN, Suing for Himself and for All Others Similarly Situated, as Holders of Preferred Capital Stock of Financial Institutions, Incorporated, Respondent, v. WOLCOTT J. HUMPHREY, Individually and as Director and Presi-

dent of Financial Institutions, Incorporated, et al., Appellants.— Order insofar as appealed from reversed on the law and matter remitted to the Official Referee to determine the reasonable expenses including attorneys' fees of the defendants-appellants, without costs of this appeal to any party. Memorandum: In this application for assessment of expenses, including attorneys' fees, pursuant to article 6-A of the General Corporation Law, the defendant directors were successful in their motion to dismiss the final amended complaint on the ground that the Statute of Limitations was a bar to the causes of action therein alleged. As there was no trial of the issues on the merits, the Official Referee has found that they are not entitled to reimbursement under the statute. There having been no trial, there was no adjudication that they were negligent or guilty of misconduct and consequently this application does not come within the exception contained in section 64. We think the word " successful " as used in section 67 was not intended to include only those cases in which defendant directors have been exonerated of claims of negligence and misconduct. The word has been defined as follows: " Gaining or having gained success; having the desired effect; resulting or terminating in success; the obtaining or terminating in the accomplishment of what is desired, intended, or aimed at." (60 C. J., p. 983.) Under this definition, as well as the common usage of the word, it appears that the defendants are, under the statute, entitled to have their " reasonable expenses " assessed against the corporation and that the court erred in refusing to fix the amounts. The Official Referee has not passed upon the question of whether or not the expenses applied for by the defendants are " reasonable ". While we have the record before us we think it should be sent back to the Official Referee to determine what amount should be allowed to the defendants, and, if he deems the record is insufficient, to take further proof on that subject. All concur. (Appeal from part of an order dismissing the application of individual defendants for an assessment of expenses incurred in the defense of a stockholder's action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 279 App. Div. 848.]