521 S.E.2d 543

**The DAILY GAZETTE COMPANY, INC., a West Virginia Corporation, Plaintiff Below, Appellee,**

v.

**The WEST VIRGINIA DEVELOPMENT OFFICE and its Director, Thomas C. Burns, Defendants Below, Appellants.**

**No. 25437.**

Supreme Court of Appeals of West Virginia.

Submitted March 23, 1999.

Decided May 19, 1999.

---

**2.** The other statutes which include an expanded definition of "wages" include W. Va.Code §§ 21– 5–5, –8a, –10, –12.

Darrell V. McGraw, Jr., Attorney General, Donald L. Darling, Senior Deputy Attorney General, Charleston, West Virginia, Attorneys for the Appellants.

· Robert M. Bastress, West Virginia University College of Law, Morgantown, West Virginia, Sean P. McGinley, DiTrapano, Barrett & DiPiero, Charleston, West Virginia, Patrick C. McGinley, Suzanne M. Weise, Morgantown, West Virginia, Attorneys for the Appellee.

DAVIS, Justice:

The appellants herein and defendants below, the West Virginia Development Office and its director, Thomas C. Burns [hereinafter collectively referred to as "the Development Office"], appeal from an order entered January 29, 1998, by the Circuit Court of Kanawha County in an underlying action brought pursuant to the West Virginia Freedom of Information Act [hereinafter "FOIA"], W. Va.Code § 29B-1-1, *et seq.* In its order, the circuit court awarded attorney's fees to the appellee herein and plaintiff below, the Daily Gazette Company, Inc. [hereinafter "the Gazette"], finding that the Gazette had been successful in its action against the Development Office to obtain the disclosure of numerous public records which the Development Office claimed were protected from FOIA disclosure. On appeal to this Court, the Development Office contends that the circuit court erred in awarding the full amount of attorney's fees requested by the Gazette based upon the Gazette's alleged limited success in its FOIA action against the Development Office and this Court's announcement of new points of law in a prior appeal of this matter. Having reviewed the arguments of the parties, the record presented for our consideration on appeal, and the pertinent authorities, we find that the circuit court did not err in awarding the Gazette the full amount of attorney's fees requested in this case. W. Va.Code § 29B-1-7 (1992) (Repl.Vol.1998) specifically mandates the award of attorney's fees to parties who have been successful in bringing lawsuits to enforce the provisions of the FOIA. Moreover, we conclude that the attorney's fees authorized by W. Va.Code § 29B-1-7 are not subject to reduction if the successful party fails to win every argument advanced in the FOIA proceedings or if the governing court announces a new point of law in its decision of the controversy. Accordingly, we affirm the decision of the Circuit Court of Kanawha County.

## I.

## FACTUAL AND PROCEDURAL HISTORY

This appeal arises from an underlying action involving the West Virginia Freedom of Information Act, W. Va.Code § 29B-1-1, *et seq.* In 1995, the Daily Gazette Company, Inc., requested of the West Virginia Development Office the disclosure of various public records, as permitted by the FOIA, concerning a proposed pulp and paper mill to be constructed in Mason County, West Virginia. Although the Development Office permitted the Gazette to access some of the requested documents, it refused to release the remaining documents, claiming they were exempted from disclosure as "[i]nternal memoranda or letters received or prepared by any public body," W. Va.Code § 29B-1-4(8) (1977) (Repl.Vol.1998). As a result of the Development Office's denial of these requests, the Gazette filed a civil action against it, in May, 1995, in order to force the public disclosure of the withheld materials. Following numerous proceedings had in the Circuit Court of

Kanawha County, the court entered an order, on December 14, 1995, requiring the Development Office to release some documents in full and to release other documents in redacted form. The court also determined that still other documents were exempt from FOIA disclosure.

The Gazette appealed the circuit court's decision to this Court, arguing that it was entitled to inspect the redacted documents in their unredacted state and that it should be permitted to review the documents found by the circuit court to be exempt from disclosure.[1] On December 13, 1996, this Court remanded the case to the circuit court for further evaluation of several of the disputed documents to determine whether they should be disclosed or exempted from disclosure under the FOIA. *See Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 198 W.Va. 563, 575, 482 S.E.2d 180, 192 (1996) [hereinafter *"Gazette 1"*]. Further proceedings in the circuit court resulted in the Development Office's concession and voluntary disclosure of several documents that previously had been released in redacted form or labeled as exempt from disclosure. With respect to the remaining documents, the circuit court adopted the Development Office's argument that such documents contained sensitive tax information that W. Va.Code § 11–10–5d (1995) (Repl.Vol.1995) prohibited the Development Office from disclosing.

Following the proceedings on remand to the circuit court, the Gazette petitioned that court for attorney's fees, as permitted by W. Va.Code § 29B–1–7 (1992) (Repl.Vol.1998).[2] By order entered January 29, 1998, the circuit court found the amount of attorney's fees requested by the Gazette to be reasonable, both in hourly cost and in total amount of time claimed to have been spent preparing and prosecuting this action. Thus, the court order[ed] the Development Office to pay attorney's fees in the amount of $62,205.00 for the 319 hours expended by Mr. Patrick C. McGinley, Esquire, at a rate of $195.00, and the amount of $32,825.00 for the 262.2 hours expended by Suzanne M. Weise, Esquire, at the rate of $125.00 per hour. From this ruling, the Development Office appeals to this Court.

## II.

## STANDARD OF REVIEW

■ The issues presented for resolution in this appeal are two-fold. First, we are asked to ascertain the meaning and effect of the statute authorizing awards of attorney's fees in successful FOIA cases, *i.e.*, W. Va.Code § 29B–1–7. This question requires us to interpret W. Va.Code § 29B–1–7 and to settle purely legal questions as to the intent and scope of this legislative enactment. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *See also* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

■ Second, we are asked to evaluate the amount of attorney's fees actually awarded by the circuit court as permitted by W. Va. Code § 29B–1–7. More specifically, the questions presented for our resolution in this regard inquire whether an award of attorney's fees pursuant to W. Va.Code § 29B–1–7 may be reduced (1) by amounts attributable to those portions of the lawsuit over which the successful plaintiff did not prevail or (2) where the resolution of the FOIA litigation results in this Court's recognition of

---

**1.** For a more detailed discussion of the factual context of the proceedings leading to the first appeal of this controversy, see *Daily Gazette Co., Inc. v. West Virginia Development Office*, 198 W:Va. 563, 565–69, 482 S.E.2d 180, 182–86 (1996) [hereinafter *"Gazette 1"*].

**2.** W. Va.Code § 29B–1–7 (1992) (Repl.Vol.1998) allows

[a]ny person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five [§ 29B–1–5] of this article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

new principles of law. Typically, we have reviewed the reasonableness of the amount of an award of attorney's fees for an abuse of discretion.

"'[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, [sic] and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. Pt. 2, [in part,] *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ].

Syl. pt. 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993). Having enunciated the applicable standards of review, we now proceed to consider the parties' contentions.

### III.

### DISCUSSION

On appeal to this Court, the Development Office complains that the circuit court erred by awarding the full amount of attorney's fees requested by the Gazette. In this regard, the Development Office contends that the award of attorney's fees should be reduced because (1) the Gazette allegedly achieved only limited success in its FOIA action as it did not prevail on every argument it asserted during the course of this litigation and (2) this Court created new principles of law, which factor should be considered when granting an award of attorney's fees.

### A. *West Virginia Freedom of Information Act and Award of Attorney's Fees in Successful FOIA Actions*

■ Before we can reach the merits of the parties' arguments, it is first necessary to examine generally the purpose of the West Virginia Freedom of Information Act, W. Va.Code § 29B–1–1, *et seq.*, and to consider specifically the statutory provision that requires an award of attorney's fees in successful FOIA actions, W. Va.Code § 29B–1–7. The express purpose of the West Virginia Freedom of Information Act is, briefly stat-

ed, to enable persons to access public records held by governmental agencies. *See* W. Va. Code §§ 29B–1–1 (1977) (Repl.Vol.1998); 29B–1–3 (1992) (Repl.Vol.1998). The more detailed statement of purpose announced by the Legislature provides that

it is hereby declared to be the public policy of the state of West Virginia that all persons are, unless otherwise expressly provided by law, entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments of government they have created.

W. Va.Code § 29B–1–1. *See also* W. Va. Code § 29B–1–3(1) ("Every person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four [§ 29B–1–4] of this article."); *Gazette 1,* 198 W.Va. at 574, 482 S.E.2d at 191 ("WVFOIA . . . was enacted to fully and completely inform the public 'regarding the affairs of government and the official acts of those who represent them as public officials and employees.' *W. Va.Code,* 29B–1–1 [1977], in part."); *AT & T Communications of West Virginia, Inc. v. Public Serv. Comm'n of West Virginia,* 188 W.Va. 250, 253, 423 S.E.2d 859, 862 (1992) ("The general policy of th[e FOIA] act is to allow as many public records as possible to be available to the public." (footnote omitted)); *Child Protection Group v. Cline,* 177 W.Va. 29, 31, 350 S.E.2d 541, 543 (1986) ("The Freedom of Information Act, Chapter 29B of the West Virginia Code, provides for the release of all public records unless the case falls into an exception.").

To carry out this policy of open public records, the Legislature has determined that

[t]he custodian of any public records, unless otherwise expressly provided by statute, shall furnish proper and reasonable opportunities for inspection and exam-

ination of the records in his or her office and reasonable facilities for making memoranda or abstracts therefrom, during the usual business hours, to all persons having occasion to make examination of them....

W. Va.Code § 29B–1–3(3). In the event that an individual is denied access to requested public records,

> [s]uch a denial [of a request to inspect or copy a public record] shall indicate that the responsibility of the custodian of any public records or public body to produce the requested records or documents is at an end, and shall afford the person requesting them the opportunity to institute proceedings for injunctive or declaratory relief in the circuit court in the county where the public record is kept.

W. Va.Code § 29B–1–3(4)(c).

■ Thus, once a person has been denied access to public records which he/she has requested be made available for examination, he/she has a specific cause of action against the organization denying the request. "Any person denied the right to inspect the public record of a public body may institute proceedings for injunctive or declaratory relief in the circuit court in the county where the public record is kept." W. Va.Code § 29B–1–5(1) (1977) (Repl.Vol.1998). Such FOIA actions generally are accorded high priority on the governing court's docket: "[e]xcept as to causes the court considers of greater importance, proceedings arising under subsection one of this section shall be assigned for hearing and trial at the earliest practicable date." W. Va.Code § 29B–1–5(3).

■ In order to further facilitate this State's citizenry's access to public records, the Legislature has specially provided for the reimbursement of a successful plaintiff's costs and fees arising from his/her FOIA action.

> Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five [§ 29B–1–5] of this

article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

W. Va.Code § 29B–1–7 (1992) (Repl.Vol. 1998). This fee shifting statute, which is a marked departure from the general rule that each party bears his/her own litigation costs,[3] is intended to relieve some of the burden associated with the public's pursuit of the right to access public records and to encourage the cooperation of public officials when requests for such records are made.

> "Citizens should not have to resort to law suits [sic] to force government officials to perform their legally prescribed nondiscretionary duties. When, however, resort to such action is necessary to cure willful disregard of law, the government ought to bear the reasonable expense incurred by the citizen in maintaining the action." Nelson v. W. Va. Pub. Employees Ins. Bd., 171 W.Va. 445, [451,] 300 S.E.2d 86, 92 (1982).

Syl. pt. 3, Richardson v. Town of Kimball, 176 W.Va. 24, 340 S.E.2d 582 (1986). See also City of Riverside v. Rivera, 477 U.S. 561, 575, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466, 480 (1986) (discussing similar fee-shifting provision and noting that "[i]f the citizen does not have the resources, his day in court is denied him; the [legislative] policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers" (internal quotations and citation omitted)).

■ Having examined the purpose of the West Virginia Freedom of Information Act and having discerned the resources private citizens have been granted to permit them to access public records and to enable them to enforce these rights, it is now necessary to examine the statutory provision which is at the heart of the parties' controversy: W. Va.Code § 29B–1–7. The issues presented to us for appellate resolution all turn upon the meaning and scope of this legislative enactment which permits one who

---

**3.** "As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syl. pt. 2, Sally–Mike

Properties v. Yokum, 179 W.Va. 48, 365 S.E.2d 246 (1986). See also 2A Michie's Jurisprudence Attorney and Client § 38, at 624 (Repl.Vol.1993) (same).

has "successfully" litigated a FOIA action to access public records to recover his/her attorney's fees associated with such lawsuit.[4] " 'The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.' Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. pt. 6, *State ex rel. ACF Indus., Inc. v. Vieweg,* 204 W.Va. 525, 514 S.E.2d 176 (1999). "Where the language of a statutory provision is plain, its terms should be applied as written and not construed." *DeVane v. Kennedy,* 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) (citations omitted). Stated otherwise, " '[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syl. pt. 1, *State v. Jarvis,* 199 W.Va. 635, 487 S.E.2d 293 (1997). *Accord* Syl. pt. 5, in part, *Walker v. West Virginia Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." (internal quotations and citations omitted)).

■ Viewing the terms of the subject statute, we conclude that the requirements of W. Va.Code § 29B-1-7 are set forth in clear, unambiguous, and plain language. As noted above, W. Va.Code § 29B-1-7 directs that "[a]ny person who is denied access to public records requested pursuant to this article and who successfully brings a [FOIA] suit ... shall be entitled to recover his or her attorney fees ... from the public body that denied him or her access to the records." In other words, to demonstrate an entitlement to attorney's fees pursuant to W. Va.Code

§ 29B-1-7, it is necessary for the plaintiff to show that (1) he/she is a person who (2) impliedly is entitled to examine public records and whose request to access such records was denied and who (3) has "successfully" brought a FOIA lawsuit to compel the disclosure of the requested public records. Having fulfilled these criteria, the FOIA plaintiff is then entitled to an award of attorney's fees as the Legislature's employment of the term "shall" makes mandatory the granting of such an award. *See* Syl. pt. 1, *E.H. v. Matin,* 201 W.Va. 463, 498 S.E.2d 35 (1997) (" 'It is well established that the word "shall," in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation.' Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1982)."); Syl. pt. 9, *State ex rel. Goff v. Merrifield,* 191 W.Va. 473, 446 S.E.2d 695 (1994) (same).

The first prerequisite to an award of attorney's fees under W. Va.Code § 29B-1-7 is that the plaintiff is a person within the contemplation of the FOIA. The term "person" is defined within the FOIA as "any natural person, corporation, partnership, firm or association." W. Va.Code § 29B-1-2(2) (1977) (Repl.Vol.1998). Next, such person must have been entitled to examine the subject public records, requested their review, and been denied access to the same. W. Va.Code § 29B-1-3(1) indicates that "[e]very person has a right to inspect or copy any public record of a public body[5] in this state," unless a specifically enumerated exemption prohibits such record's disclosure. (Footnote added). *Accord* W. Va.Code § 29B-1-1. A "public record," which a person is authorized to examine, is defined to include "any writing containing information relating to the con-

4. While W. Va.Code § 29B-1-7 also permits a successful plaintiff to recover the costs he/she incurred in connection with his/her FOIA action, we limit our discussion of this statute to the language regarding attorney's fees as the parties to this appeal do not raise issues regarding the recovery of costs in a FOIA lawsuit.

5. A
 "[p]ublic body" means every state officer, agency, department, including the executive,

legislative and judicial departments, division, bureau, board and commission; every county and city governing body, school district, special district, municipal corporation, and any board, department, commission, council or agency thereof; and any other body which is created by state or local authority or which is primarily funded by the state or local authority.
W.Va.Code § 29B-1-2(3) (1977) (Repl.Vol.1998).

duct of the public's business, prepared, owned and retained by a public body." W. Va.Code § 29B–1–2(4).

In order to obtain access to the public record sought, a person must ask to review such record. "A request to inspect or copy any public record of a public body shall be made directly to the custodian of such public record," W. Va.Code § 29B–1–3(2), and such request "must state with reasonable specificity the information sought," W. Va.Code § 29B–1–3(4). If the request is denied by the public body having control of such record, such denial must be in writing, W. Va. Code § 29B–1–3(4)(c), and the requestor is entitled to initiate judicial proceedings to enforce his/her rights under the FOIA to access the public record requested, W. Va.Code §§ 29B–1–3(4)(c); 29B–1–5.

 Once the FOIA action has been instituted and has reached a final resolution, the plaintiff, *i.e.*, the person who initially requested the subject public records, is entitled to an award of attorney's fees if he/she has "successfully br[ought] [the FOIA] suit." W. Va.Code § 29B–1–7. The only term incorporated in this statutory provision for which we can find no ready definition in the correlative statutory scheme is the word "successfully." In such instances, we are authorized to discern the meaning of undefined terms from the common, ordinary, and accepted usage of such terms.

"In the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." Syllabus Point 1, *Miners in General Group v. Hix,* 123 W.Va. 637, 17 S.E.2d 810 (1941), *overruled on other grounds [by ] Lee–Norse Co. v. Rutledge,* 170 W.Va. 162, 291 S.E.2d 477 (1982).

Syl. pt. 1, *McCoy v. Van Kirk,* 201 W.Va. 718, 500 S.E.2d 534 (1997). *Accord* Syl. pt. 3, *Ohio Cellular RSA Ltd. Partnership v. Board of Pub. Works of West Virginia,* 198 W.Va. 416, 481 S.E.2d 722 (1996) (same). *See also* Syl. pt. 5, *Hosaflook v. Consolidation Coal Co.,* 201 W.Va. 325, 497 S.E.2d 174 (1997) (" ' "Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syl. Pt. 4, *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 107 S.E.2d 353 (1959).' Syl. pt. 3, *Byrd v. Board of Education of Mercer Co.,* 196 W.Va. 1, 467 S.E.2d 142 (1995).").

The term "successfully," and the root word from which it is derived, "successful," have been variously defined by our sister jurisdictions in similar cases concerning the award of attorney's fees and litigation costs to a "successful party." [6] Perhaps the most obvious connotation of a successful party is his/her ultimate victory in the controversy as the winner of the lawsuit. In this context,

"success" . . . means the favorable termination of something attempted; the attainment of the proposed object. And "successful" is defined as resulting or terminating in success; gaining or having gained success; having the desired effect. It is the obtaining or terminating in the accomplishment of what is desired, intended or aimed at.

*Batten v. A.T. Benge Drug Co.,* 162 Iowa 280, 281, 144 N.W. 37, 38 (1913) (citation omitted). *Accord Merlino v. Fresno Macaroni Mfg. Co.,* 74 Cal.App.2d 120, 124, 168 P.2d 182, 185 (1946); *Dornan v. Humphrey,* 278 A.D. 1010, 1011, 106 N.Y.S.2d 142, 144 (1951) (per curiam), *reh'g granted,* 279 A.D. 848, 110 N.Y.S.2d 471, *vacated on other grounds,* 279 A.D. 1040, 112 N.Y.S.2d 585 (1952); *Moore v. Otto Gas Engine Works,* 136 A.D. 713, 716,

**6.** Although other states have incorporated fee-shifting provisions into their freedom of information acts much like the language contained in the West Virginia statute at issue in this appeal, W. Va.Code § 29B–1–7, we can discern no authority from these jurisdictions to indicate how the word "successfully" has been interpreted by those states' courts. For state statutory provisions entitling a successful plaintiff to an award of attorney's fees in a freedom of information act case, see Iowa Code Ann. § 22.10(3)(c) (1984) (West Main Vol.1995); N.M. Stat. Ann. § 14–2–12(D) (1993) (Michie Repl. Pamphlet 1995); Okla. Stat. Ann. tit. 51, § 24A.17(B) (1985) (West Main Vol. 1988).

121 N.Y.S. 631, 633 (1910).[7] Thus, it may be said that "[t]he term 'successful party' means the party who wins the lawsuit." *Drozda v. McComas*, 181 Ariz. 82, 85, 887 P.2d 612, 615 (Ct.App.1994). *See also Carlson v. Blumenstein*, 293 Or. 494, 500, 651 P.2d 710, 713 (1982) (construing "successful party" as "the party in whose favor final judgment or decree is rendered" (internal quotations and citation omitted) (footnote omitted)); Black's Law Dictionary 1430 (6th ed.1990) (defining "successful party" as "one who obtains judgment of competent court vindicating civil claim of right" (citing *Zoning Bd. of Adjustment of City of Lubbock v. Graham & Assocs., Inc.*, 664 S.W.2d 430, 437 (Tex.App. 1983))).

A second construction of the term "successful" focuses upon the degree of success attained in the legal proceedings upon which the claim for fees and costs is based. In other words, the inquiry is how much of the litigation must a successful party win in order to be entitled to relief by way of fee shifting. On this issue, courts deciding this question generally have determined that it is not necessary for a party to have won every argument advanced or contention made in order to be deemed the successful party. "It is settled ... that a party need not prevail on every claim presented in an action in order to be considered a successful party ...." *Wallace v. Consumers Coop. of Berkeley, Inc.*, 170 Cal.App.3d 836, 846, 216 Cal.Rptr. 649, 656 (1985) (citations omitted). *Accord Hull v. Rossi*, 13 Cal.App.4th 1763, 1768, 17 Cal. Rptr.2d 457, 461 (1993).[8] Rather, it is sufficient if the party requesting reimbursement of costs and fees prevailed on the principal

issue(s) comprising the controversy. "[W]here a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." Syl. pt. 15, in part, *Food Pantry, Ltd. v. Waikiki Bus., Plaza, Inc.*, 58 Haw. 606, 575 P.2d 869 (1978). *Accord* Syl. pt. 4, in part, *MFD Partners v. Murphy*, 9 Haw.App. 509, 850 P.2d 713 (1992), *cert. granted*, 74 Haw. 651, 845 P.2d 1193, *cert. dismissed*, 74 Haw. 651, 853 P.2d 542 (1993). *Cf. Ayala v. Olaiz*, 161 Ariz. 129, 131, 776 P.2d 807, 809 (Ct.App.1989) ("In cases involving various competing claims, counterclaims and setoffs all tried together, the successful party is the net winner.").

A final interpretation of "successful" emphasizes the impact the institution and prosecution of the underlying action had upon the defendant whose conduct is at issue in the lawsuit. Accordingly, where the plaintiff bringing the suit achieves the desired change in the defendant's behavior, he/she may be said to have been successful in that his/her litigation had a significant influence on altering the defendant's conduct. "Whether or not a party is successful depends upon whether the underlying action contributed substantially to remedying the conditions at which it was directed." *Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo Counties, Inc. v. Aakhus*, 14 Cal. App.4th 162, 174, 17 Cal.Rptr.2d 510, 516 (1993) (citation omitted). Therefore, for a party to have been successful so as to entitle him/her to an award of attorney's fees, "there must be some causal connection between the lawsuit and a change in the defendant's con-

---

7. *See also* X Oxford English Dictionary 77 (1970) (stating that "success" means "[t]he prosperous achievement of something attempted" and noting that "successfully" implies something done "[i]n a successful manner; with success"); Random House Dictionary of the English Language 1899 (2d ed., unabridged, 1987) (interpreting "success" as "the favorable or prosperous termination of attempts or endeavors" and ascribing to "successful" the definition of "achieving or having achieved success [or] resulting in or attended with success"); Webster's New Collegiate Dictionary 1154 (1979) (same).

8. *See also Ocean West Contractors, Inc. v. Halec Constr. Co., Inc.*, 123 Ariz. 470, 473, 600 P.2d 1102, 1105 (1979) ("The fact that a party did not

recover the full measure of relief requested does not mean that he is not the successful party." (citations omitted)); *Cheatham v. Harmon*, 182 Ky. 35, 37, 206 S.W. 16, 17 (Ct.App.1918) (determining party to be successful based upon fact that he "succeed[ed] on the merits in recovering a judgment" despite the fact that "the court disallowed some of the items sought to be recovered by [the successful party], and allowed some of the items asserted by [the other party]"); *Veltmann v. Slator*, 219 S.W. 530, 532 (Tex.Civ.App. 1920) (noting that fact that parties deemed to have been successful "did not recover on every count does not change their status as successful parties").

duct, for example, where the action is a catalyst motivating [the] defendant[ ] to provide the primary relief sought." *Urbaniak v. Newton*, 19 Cal.App.4th 1837, 1842, 24 Cal. Rptr.2d 333, 335 (1993) (citation omitted).

▆▆▆▆ Based upon the foregoing discussion, we hold that the plain language of W. Va.Code § 29B–1–7 (1992) (Repl.Vol.1998) requires an award of attorney's fees to a person who has made a request for public records under the West Virginia Freedom of Information Act, W. Va.Code § 29B–1–1, *et seq.*, whose request for such records has been denied by the public body controlling such records, and who has "successfully br[ought] a suit" for the disclosure of the requested records pursuant to W. Va.Code § 29B–1–5 (1977) (Repl.Vol.1998).[9] We hold further that for a person to have brought a suit for the disclosure of public records under the West Virginia Freedom of Information Act (FOIA), as permitted by W. Va.Code § 29B–1–5 (1977) (Repl.Vol.1998), so as to entitle him/her to an award of attorney's fees for "successfully" bringing such suit pursuant to W. Va.Code § 29B–1–7 (1992) (Repl.Vol. 1998), he/she need not have prevailed on every argument he/she advanced during the FOIA proceedings or have received the full and complete disclosure of every public record he/she wished to inspect or examine. An award of attorney's fees is proper even when some of the requested records are ordered to be disclosed while others are found to be exempt from disclosure or are released in redacted form. In the final analysis, a successful FOIA action, such as would warrant an award of attorney's fees as authorized by W. Va.Code § 29B–1–7, is one which has contributed to the defendant's disclosure, whether voluntary or by order of court, of the public records originally denied the plaintiff.[10]

Having clarified the circumstances in which a party bringing a FOIA action is entitled to an award of attorney's fees, we turn now to the issues presented on appeal. As the parties herein do not dispute that the Gazette was successful in its FOIA action against the Development Office and is therefore entitled to an award of attorney's fees, we proceed to consider the arguments of the Development Office pertaining to proposed reductions of this award.

### B. Impact of Failure to Prevail on Every Argument Advanced in FOIA Lawsuit upon Award of Attorney's Fees Pursuant to W. Va.Code § 29B–1–7

▆▆▆▆ The Development Office first argues that the circuit court erroneously granted the entire amount of attorney's fees requested by the Gazette despite its failure to obtain the full measure of relief it sought and its inability to win every argument it made during its FOIA lawsuit. In this regard, the Develop-

---

**9.** At this juncture, we recognize that we have previously announced the factors to be considered in awarding attorney's fees in FOIA cases. *See* Syl. pt. 6, *Daily Gazette Co., Inc. v. Withrow*, 177 W.Va. 110, 350 S.E.2d 738 (1986) ("For a person prevailing in an action under the State's Freedom of Information Act to recover reasonable attorney's fees, the evidence before the trial court must show bad faith, vexatious, wanton or oppressive conduct on the part of the custodian of the public record(s)."). Nevertheless, in light of the Legislature's clear direction, contained in W. Va.Code § 29B–1–7, that a person "successfully" bringing a FOIA action is entitled to recover his/her attorney's fees incurred in the prosecution of such suit, we conclude that our prior holding in Syllabus point 6 of *Daily Gazette Co., Inc. v. Withrow, supra*, which decision was rendered in 1986, prior to the Legislature's 1992 enactment of W. Va.Code § 29B–1–7, has been superseded by the applicable governing statute.

**10.** Our holding in this regard is similar to our earlier interpretation of a fee-shifting statute regarding civil actions for violations of this State's laws regulating surface mining operations. *See* Syl., *Schartiger v. Land Use Corp.*, 187 W.Va. 612, 420 S.E.2d 883 (1991) ("Under *W. Va.Code*, 22A–3–25(f) [1985], the trial court should award attorneys' fees if the plaintiff is the 'prevailing' party at trial. For a plaintiff to have 'prevailed' at trial, he need not show success on every claim brought, but he must demonstrate that the litigation effected the material alteration of the legal relationship of the parties in a manner which the legislature sought to promote in the fee statute."). *See also* W. Va.Code § 22A–3–25(f) (1985) (Repl.Vol.1985) ("Any person or property who is injured in his person through the violation by any operator of any rule, regulation, order or permit issued pursuant to this article may bring an action for damages, including reasonable attorney and expert witness fees, in any court of competent jurisdiction...."), *repealed and recodified at* W. Va.Code § 22–3–25(f) (1994) (Repl.Vol.1998).

ment Office contends that the Gazette was not successful in its FOIA suit because it did not obtain full disclosure of every public record which it requested. Similarly, the Development Office suggests that the Gazette's action was unsuccessful because the Development Office, itself, voluntarily relinquished some of the requested public records and because the circuit court adopted the Development Office's reasoning that other records were exempt from disclosure. Thus, the Development Office urges that the Gazette's award of attorney's fees should be reduced proportionately to reflect its limited success in its FOIA action and the beneficial results to the Gazette which are attributable to the efforts of other parties. *Citing* Syl. pt. 5, *State ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Div. of Envtl. Protection*, 193 W.Va. 650, 458 S.E.2d 88 (1995).

The Development Office additionally contends that the award of attorney's fees to the Gazette should be reduced by the amounts it expended advancing arguments which were ultimately rejected by the circuit court or which accorded the Gazette no appreciable advantage in its FOIA litigation. In this regard, the Development Office suggests that the attorney's fees attributable to the Gazette's unsuccessful attempts to obtain an expedited review of its FOIA action and its efforts to participate in the Division of Environmental Protection's [hereinafter "DEP"] intervention in the underlying FOIA proceedings, which the Development Office alleges were unrelated to the Gazette's FOIA action against the Development Office, should be deducted from the circuit court's award of attorney's fees allowed by W. Va. Code § 29B–1–7.[11]

In response, the Gazette disputes that the attorney's fees awarded by the circuit court as a result of its successful FOIA lawsuit should be reduced for any of the reasons advanced by the Development Office. Rather, the Gazette asserts that it successfully

litigated its FOIA action against the Development Office and obtained the disclosure, in full or in part, of approximately 137 of the 155 documents that the Development Office had originally refused to disclose prior to the institution of this action. Moreover, the Gazette argues that its failure to prevail on every argument it advanced during the course of the FOIA proceedings should not serve as a bar to or reduction of the attorney's fees to which it is entitled: "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 52 (1983) (citation omitted). Therefore, the Gazette claims that it is entitled to recover those attorney's fees it expended in requesting an expedited review of this matter. Lastly, the Gazette represents that it is entitled to recover its attorney's fees associated with its participation in matters concerning the DEP's motion to intervene in the underlying FOIA action because the DEP's involvement helped to clarify for the circuit court various issues pertaining to the Gazette's action against the Development Office. In this manner, the Gazette contends that the DEP's motion to intervene was based upon its prior public disclosure of certain documents which the Development Office claimed were exempt from disclosure and which the Development Office had accordingly refused to release for review by the Gazette.

With this first assignment of error, the Development Office essentially asks this Court to re-evaluate the amount of attorney's fees to which the Gazette is entitled based upon the Gazette's inability to prevail on every argument which it advanced during the FOIA litigation and its failure to obtain the full measure of relief requested, *i.e.*, the full disclosure of all documents it sought from the Development Office. As we noted above, circuit courts have broad discretion in ascer-

---

**11.** The time expended by counsel which the Development Office represents is attributable to the Gazette's unsuccessful application for expedited review and litigation regarding the DEP's attempted intervention is as follows:

| | Attorney McGinley | Attorney Weise |
|---|---|---|
| Expedited Review | 15.00 hours | 15.00 hours |
| DEP's Intervention | 23.15 hours | 15.25 hours |
| Totals | 38.15 hours | 30.25 hours |

taining the specific amount of attorney's fees that are reasonable in a particular case. *See* Syl. pt. 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993). While this Court will, on occasion, review the propriety of such an award, we generally accord great deference to the amount of attorney's fees granted by a circuit court.

In determining the reasonableness of an award of attorney's fees, a circuit court has at its disposal several criteria to govern its review. Initially, Rule 1.5 of the West Virginia Rules of Professional Conduct, which governs attorney's fees in general, dictates what elements comprise a reasonable fee for the provision of professional legal services:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

■ Similarly, this Court has created an extensive list of considerations for determining the reasonableness of an award of attorney's fees.

"Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Syllabus Point 4, *Aetna Casualty & Surety Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986).

Syl. pt. 1, *Erwin v. Henson,* 202 W.Va. 137, 502 S.E.2d 712 (1998).

■ Finally, this Court has developed a very specific test which contemplates discrete issues in certain individual cases.

Apportionment of attorney's fees is appropriate where some of the claims and efforts ·of the claimant were unsuccessful. Where part of the attorney's fees sought was expended on discrete efforts that achieved no appreciable advantage in the litigation, or where the claim for attorney's fees rests partly on a result to which the claimant made no significant contribution, a court *may* consider these circumstances and apportion the attorney's fees accordingly.

Syl. pt. 5, *State ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Div. of Envtl. Protection,* 193 W.Va. 650, 458 S.E.2d 88 (1995) (emphasis added). With this last set of attorney's fee award criteria, it is important to note that·the permissive term "may" is employed. "An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." *Gebr. Eickhoff Maschinenfabrik und Eisengieberei mbH v. Starcher,* 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (citations omitted). Accordingly, while the court determining a reasonable award of attorney's fees

may consider the winning party's advancement of arguments which were rejected by the presiding court and favorable results to which the prevailing party did not substantially contribute, it is not compelled to do so.

In light of the statutory prerequisites to an award of attorney's fees in a successful FOIA lawsuit, set forth in W. Va.Code § 29B–1–7,[12] and the above-enumerated criteria upon which a circuit court bases the reasonableness of a fee award, we conclude that the circuit court did not abuse its discretion in awarding the Gazette the full amount of attorney's fees it requested. First, the fact that the Gazette did not attain the full measure of relief sought in its FOIA action does not serve as a bar to or warrant a reduction of the attorney's fees to which it is entitled in its FOIA action which, when viewed as a whole, was successful.[13] As we explained above, W. Va.Code § 29B–1–7 awards attorney's fees to persons who have successfully maintained their FOIA actions. Within the contemplation of the term "successfully" is whether the party seeking a fee award obtained the disclosure of the public records which it sought to examine and whether his/her civil action substantially contributed to his/her opponent's disclosure of the requested public records. In the case *sub judice* we are convinced that the Gazette satisfied these elements of success in that it attained the disclosure of approximately eighty-eight percent of the public records to which it had earlier been denied access, and in that its FOIA action served as the impetus for the Development Office's disclosure, whether voluntarily or by court order, of such documents.

Moreover, while the circuit court could have considered apportioning the Gazette's fee award to exclude those fees attributable to "discrete efforts that achieved no appreciable advantage in the litigation ... [and] ... result[s] to which the claimant made no significant contribution," Syl. pt. 5, in part, *State ex rel. West Virginia Highlands Conservancy, Inc.,* 193 W.Va. 650, 458 S.E.2d 88, it was not expressly required to reduce the fee award by these amounts. The record evidence presented to us for appellate review indicates that the Development Office presented this authority to the circuit court and that the circuit court, in considering the various factors comprising the reasonableness of an award of attorney's fees, decided that neither the Gazette's lack of success on its motion for an expedited review of its FOIA action nor its participation in the DEP's motion to intervene warranted a proportionate reduction of counsel fees.[14]

In fact, it appears to this Court that neither of these instances for which attorney's fees were incurred are as unrelated or unimportant to the ultimate outcome in the FOIA litigation as the Development Office would have us believe. Given specific language in the FOIA mandatorily directing that "[e]xcept as to causes the court consid-

---

12. *See supra* note 2 for the text of W. Va.Code § 29B–1–7.

13. Although we affirm the circuit court's order awarding the Gazette the full amount of § 29B–1–7 attorney's fees it requested in the proceedings underlying this appeal, wherein it obtained the disclosure of approximately 137 of the 155 public records, *i.e.,* eighty-eight percent, which it had requested from the Development Office, we wish to emphasize that circuit court judges possess the authority to initially assess the reasonableness of an award of attorney's fees and retain the discretion to apportion awards of attorney's fees in FOIA cases in which a lesser proportion of the requested public records are ultimately disclosed, whether by court directive or by voluntary action of the public body controlling such records. *See* Syl. pt. 5, *State ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Div. of Envtl. Protection,* 193 W.Va. 650, 458 S.E.2d 88 (1995).

14. The circuit court announced this conclusion in the Findings of Fact portion of its January 29, 1998, order:

The Development Office ... objects to the hours expended by Plaintiff's [the Gazette's] counsel in litigating the issues of: (1) an expedited hearing; and (2) the motion to intervene filed by the Division of Environmental Protection. Although the Development Office requests that this Court reduce the amount billed by Mr. McGinley and Ms. Weise for the 38.15 hours and 30.25 hours they respectively expended on litigating these two issues, this Court finds that this work performed by the Gazette's counsel was reasonable and directly related to the efforts any reasonable attorney would make in prosecuting this case to a successful resolution on the merits.

ers of greater importance, proceedings arising under subsection one of this section *shall* be assigned for hearing and trial at the earliest practicable date," W. Va.Code § 29B–1–5(3) (emphasis added), we cannot say that the Gazette's corresponding request for expedited review was unwarranted or necessarily unrelated to its FOIA action against the Development Office. Neither can we fault the Gazette for participating in the proceedings relating to the DEP's motion to intervene since it appears that the Gazette's actions in this regard were designed to undermine the reasons for nondisclosure advanced by the Development Office during the course of the FOIA proceedings. Hence, we find that the circuit court did not abuse its discretion by awarding the Gazette the entire amount of attorney's fees it requested and by not reducing such award based upon the Gazette's failure to obtain the full measure of relief sought or to prevail upon every contention it raised during the FOIA proceedings.

### C. Impact of Recognition of New Principle of Law upon Award of Attorney's Fees Pursuant to W. Va.Code § 29B–1–7

 In its second assignment of error, the Development Office complains that

the circuit court should have reduced the amount of attorney's fees it awarded to the Gazette pursuant to W. Va.Code § 29B–1–7,. or denied such an award entirely, because the FOIA litigation resulted in the recognition of new principles of law heretofore unknown in the jurisprudence of this State.[15] *Citing State ex rel. McGraw v. Zakaib*, 192 W.Va. 195, 196 & 198, 451 S.E.2d 761, 762 & 764 (1994) (refusing to impose costs and attorney's fees upon public official in mandamus action because this Court "had not spoken in detail with respect to the duty of the [public official] in these circumstances"). In support of this argument, the Development Office urges us to recognize the applicability of mandamus principles to FOIA actions. Because "[m]andamus may be used to impose a duty which is not explicitly set out in [a] statute but which may be found by the court to be implied or implicit in another statutory duty," *citing State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993), the Development Office suggests that the rules of mandamus should apply to actions brought under W. Va.Code § 29B–1–5 (1977) (Repl.Vol.1998), which have as their aim the determination and declaration of a public body's duty to disclose documents it claims to be protected from FOIA disclosure.[16]

**15.** The new law the Development Office contends was created by the Gazette's pursuit of its lawsuit ·is set forth in *Gazette 1*, 198 W.Va. 563, 482 S.E.2d 180 (1996). Syllabus point 3 mandates:

When a public body asserts that certain documents in its possession are exempt from disclosure under *W. Va.Code*, 29B–1–4(8) [1977], on the ground that those documents are "internal memoranda or letters received or prepared by any public body," the public body must produce a *Vaughn* index named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* index must provide a relatively detailed justification as to why each document is exempt, specifically identifying the reasons why *W. Va.Code*, 29B–1–4(8) [1977] is relevant and correlating the claimed exemption with the particular part of the withheld document to which the claimed exemption applies. The *Vaughn* index need not be so detailed that it compromises the privilege claimed. The public body must also submit an affidavit, indicating why disclosure of the documents would be harmful and why such documents should be exempt.

*Id.* In addition to creating the indexing requirement, Syllabus point 4 of this Court's decision in the earlier appeal of this case provides:

*W.Va.Code*, 29B–1–4(8) [1977], which exempts from disclosure "internal memoranda or letters received or prepared by any public body" specifically exempts from disclosure only those written internal government communications consisting of advice, opinions and recommendations which reflect a body's deliberative, decision-making process; written advice, opinions and recommendations from one public body to another; and written advice, opinions and recommendations to a public body from outside consultants or experts obtained during the public body's deliberative, · decision-making process. *W. Va.Code*, 29B–1–4(8) [1977] does not exempt from disclosure written communications between a public body and private persons or entities where such communications do not consist of advice, opinions or recommendations to the public body from outside consultants or experts obtained during the public body's deliberative, decision-making process.

*Id.*

**16.** The Development Office also questions the fee arrangement that the Gazette had with its attorneys and suggests that, under these circumstances, an award of attorney's fees as permitted

The Gazette rejects the Development Office's argument that the creation of a new principle of law requires the proportionate reduction or elimination of attorney's fees attributable thereto. First, the Gazette states that the circuit court properly rejected the Development Office's position that the rules of mandamus proceedings are applicable to cases arising under the FOIA. Distinguishing these cases, the Gazette asserts that the instant case is different because it involves a mandatory statutory fee-shifting arrangement, rather than a tentative award within the sound discretion of the trial court. *Citing* Syl. pt. 2, *Sally–Mike Properties v. Yokum,* 179 W.Va. 48, 365 S.E.2d 246 (1986) (setting forth general rule that each party typically bears cost of his/her own attorney's fees). As there is no indication that an award of attorney's fees should be reduced if the case to which such fees are applicable resulted in the recognition of a new principle of law, the Gazette contends that it is entitled to the fees which it requested and received by order of the circuit court.

The nature of this assignment of error again asks us to review the amount of the circuit court's award of attorney's fees which it deemed to be reasonable. One of many factors to be considered in determining whether proposed attorney's fees are reasonable is "the novelty and difficulty of the questions involved." W. Va. R. Professional Conduct 1.5(a)(1). *See also* Syl. pt. 1, in part, *Erwin v. Henson,* 202 W.Va. 137, 502 S.E.2d 712 (same). It is apparent from a review of the circuit court's final order awarding attorney's fees to the Gazette as a result of its successful FOIA lawsuit that the circuit court considered the complexity of the issues involved in this litigation in granting the full amount of attorney's fees requested. Thus, we cannot say that the circuit court abused its discretion in granting the attorney's fees awarded in this case.

■ However, this issue also presents a legal question which this Court must decide: do the standards which govern the award of attorney's fees in mandamus cases apply with equal force to awards of attorney's fees allowed by § 29B–1–7 of the FOIA. Quite simply, we conclude that the rules established for the award of attorney's fees in mandamus proceedings do not apply to FOIA actions because, as aptly noted by the Gazette, the two types of cases employ different standards for the granting of such awards. On the one hand, awards of attorney's fees in mandamus proceedings rest within the sound discretion of the presiding court: "Costs and attorney's fees *may* be awarded in mandamus proceedings involving public officials because citizens should not have to resort to lawsuits to force government officials to perform their legally prescribed nondiscretionary duties." Syl. pt. 1, *State ex rel. West Virginia Highlands Conservancy, Inc.,* 193 W.Va. 650, 458 S.E.2d 88 (emphasis added). *See also* Syl. pt. 2, *id.* ("Attorney's fees *may* be awarded to a prevailing petitioner in a mandamus action in two general contexts: (1) where a public official has deliberately and knowingly refused to exercise a clear legal duty, and (2) where a public official has failed to exercise a clear legal duty, although the failure was not the result of a decision to knowingly disregard a legal command." (emphasis added)). On the other hand, awards

---

by W. Va.Code § 29B–1–7 is not proper. By order entered January 29, 1998, the circuit court found the fee agreement between the Gazette and its counsel contemplated the following:

> In response to this Court's inquiry, counsel for the Gazette informed the Court that they had undertaken representation of the Gazette with the agreement that they would not bill the Gazette for their work but would be compensated solely by an award of statutory attorneys fees pursuant to the WVFOIA should the Gazette substantially prevail on the merits of its claim.

We reject this contention of the Development Office by referring to our holding in Syllabus point 3 of *Weimer–Godwin v. Board of Education* of *Upshur County,* 179 W.Va. 423, 369 S.E.2d 726 (1988): "An attorney's gratuitous representation of a client does not prevent an award of reasonable attorney's fees." *See also* 2A Michie's Jurisprudence *Attorney and Client* § 38, at 629 (Repl.Vol.1993) ("The award of reasonable attorney's fees is not precluded by the fact that the attorney may not have been actually paid by the litigant, or that the litigant did not obligate himself in advance to pay the attorney's fees or that the attorney had donated his services; all that is required is the existence of a relationship of attorney and client, a status which can exist without an agreement for compensation." (footnote omitted)).

of attorney's fees in successful FOIA lawsuits are statutorily required:

> Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five [§ 29B–1–5] of this article *shall* be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

W. Va.Code § 29B–1–7 (emphasis added). Thus, given the discrepancy in the authority for a presiding court to grant an award of attorney's fees in mandamus and FOIA cases, we find that the attorney's fee standards for mandamus proceedings may not be interchangeably applied to the grant of such awards in FOIA actions.

## IV.

### CONCLUSION

In conclusion, we find that W. Va.Code § 29B–1–7 (1992) (Repl.Vol.1998) authorizes a mandatory award of attorney's fees to persons who have "successfully" maintained lawsuits under the West Virginia Freedom of Information Act. To be considered successful, a party need not have won every argument advanced during the course of the FOIA proceedings or received the full measure of relief requested. A finding of successfulness does require, however, that the party requesting § 29B–1–7 attorney's fees has obtained the disclosure, in full or in part, of the public records that had been withheld from it and that the FOIA litigation has significantly contributed to the defendant's ultimate disclosure, either voluntary or by court order, of the requested documents. Finally, under the facts and circumstances of the instant appeal, we find that the circuit court did not abuse its discretion in awarding the Gazette the entire amount of attorney's fees it incurred in the prosecution of its FOIA action. Accordingly, the January 29, 1998, decision of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.