No. 14-0370, *Highland Mining Company v. West Virginia University School of Medicine*,

**FILED**

May 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, concurring, in part, and dissenting, in part:

I agree with the excellent majority opinion that the "deliberative process" exemption applies to the documents withheld by WVU except for the few documents that are post-decisional and/or non-deliberative. However, I believe this Court should have recognized the "academic freedom" exemption adopted by other states and not required the production of any documents.[1] Research professors should not be constrained by FOIA witch hunts which could deter them from pursing their work for fear of being barraged by voluminous, unduly-burdensome FOIA requests.

In addition, I believe that WVU should not be required to retrieve and review additional materials "not yet gathered" to comply with Highland Mining's open-ended FOIA requests. Highland Mining's FOIA requests have caused WVU to review

---

[1] Virginia adopted the "academic freedom" exemption by statute. Virginia Code § 2.2-3705.4(4) (2014), sets forth a FOIA exemption covering:

> Data, records or information of a proprietary nature produced or collected by or for faculty or staff of public institutions of higher education, other than the institutions' financial or administrative records, in the conduct of or as a result of study or research on medical, scientific, technical or scholarly issues, whether sponsored by the institution alone or in conjunction with a governmental body or a private concern, where such data, records or information has not been publicly released, published, copyrighted or patented.

1

over 240,000 documents. Enough is enough. Highland Mining's broad-based FOIA requests are nothing more than fishing expeditions which are unduly burdensome. My best trial lawyer guess is that WVU has already spent more than $1 million dollars on its legal fees, and the fees and costs of the document management company it hired.

Next, I would not have remanded the case for the circuit judge to determine whether Highland Mining instituted a "successful FOIA action" that would warrant an award of attorney fees. Our FOIA statute, W.Va. Code § 29B-1-7, provides that a requester shall be entitled to recover attorney fees and costs if their FOIA suit is successful.[2] *See also*, *Daily Gazette Co., Inc. v. W. Va. Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). While syllabus point 7 of *Daily Gazette*[3] provides a general

---

[2] W.Va. Code § 29-1-7 states:

> Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five of this article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

[3] Syllabus Point 7 of Daily Gazette states:

> For a person to have brought a suit for the disclosure of public records under the West Virginia Freedom of Information Act (FOIA), as permitted by W. Va.Code § 29B–1–5 (1977) (Repl.Vol.1998), so as to entitle him/her to an award of attorney's fees for "successfully" bringing such suit pursuant to W. Va.Code § 29B–1–7 (1992) (Repl.Vol.1998), he/she need not have prevailed on every argument he/she advanced during the FOIA proceedings or have received the full and complete disclosure of every public record he/she wished to inspect or examine. An award of attorney's fees is

2

statement of when attorney fees may be appropriate in a FOIA case, this Court has never set forth the specific parameters of what constitutes a successful FOIA suit. The vast majority of jurisdictions require that the FOIA requester substantially prevail before attorney fees may be awarded. The majority rule across the United States provides:

> [T]o be "eligible" to receive an award of attorney's fees or costs, plaintiffs must show that they "substantially prevailed" in obtaining the documents sought. This does not mean that the plaintiffs need necessarily have pursued the action to a successful judgment. Rather, proof that a plaintiff has "substantially prevailed" generally has been held to require convincing evidence of the following two threshold conditions: (1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information.

*Construction and Application of Freedom of Information Act Provision (5 U.S.C.A. § 552(a)(4)(E)) Concerning Award of Attorney's Fees and Other Litigation Costs*, 179 A.L.R. Fed. 1, § 2[a] (2002).

The majority opinion guts the heart of Highland Mining's FOIA requests. WVU had to retrieve and review over 200,000 documents as a result of Highland Mining's FOIA requests. The majority opinion's ruling only requires WVU to disclose a few documents, approximately 1% of those Highland requested. Highland Mining lost

---

proper even when some of the requested records are ordered to be disclosed while others are found to be exempt from disclosure or are released in redacted form. In the final analysis, a successful FOIA action, such as would warrant an award of attorney's fees as authorized by W. Va.Code § 29B–1–7, is one which has contributed to the defendant's disclosure, whether voluntary or by order of court, of the public records originally denied the plaintiff.

the major issues that were in dispute herein. Common sense and simple math dictate the obvious—Highland Mining did not substantially prevail. Rather, the only thing Highland Mining accomplished was placing an expensive, unreasonable burden on WVU.

Finally, the majority opinion states that on remand, the circuit court must determine if this case should be dismissed after Highland submits its reduced FOIA requests. The majority states that if the circuit court does not dismiss the case upon remand, the circuit court should consider the appointment of a special commissioner pursuant to Rule 53 of the West Virginia Rules of Civil Procedure. This special commissioner would review the documents WVU produces to determine whether they are exempt from disclosure under our FOIA. Special commissioners are paid by the parties. They are super expensive. They are lawyers who usually charge for numerous hours at high hourly rates. These types of expenses have a tendency to lock the courthouse doors, depriving litigants of their day in court.

For the foregoing reasons, I respectfully concur, in part, and dissent, in part.

4