617 S.E.2d 143

STATE of West Virginia ex rel. WEST VIRGINIA CITIZENS ACTION GROUP, An Incorporated Association of State Citizens Taxpayers, Petitioner Below, Appellant,

v.

WEST VIRGINIA ECONOMIC DEVELOPMENT GRANT COMMITTEE; City of Wheeling, A Municipal Corporation; and Century Equities—Wheeling Victorian Outlet Mall, Inc., a Private Corporation, Respondents Below, Appellees,

Kanawha County Commission, Intervenor.

No. 31125.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 18, 2003.

Decided Dec. 4, 2003.

**104**

Larry Harless, Esq. Cottageville, WV, attorney for West Virginia Citizens Action Group.

Darrell V. McGraw, Esq., Attorney General, Katherine A. Schultz, Esq., Senior Deputy Attorney General, attorney for West Virginia Economic Development Grant Committee.

MAYNARD, Justice.

On May 16, 2003, this Court rendered its decision in *State ex rel. West Virginia Citizens Action Group v. West Virginia Economic Development Grant Committee*, 213 W.Va. 255, 580 S.E.2d 869 (2003). Following the issuance of the opinion, the relators, West Virginia Citizens Action Group (hereinafter "CAG"), filed a motion with this Court seeking an award of attorney's fees. Because CAG prevailed on some of its claims in the underlying case, we grant its request, in part, and award attorney's fees in the amount of $28,977.00.[1]

## I.

### FACTS

The underlying case involved a constitutional challenge of portions of W.Va.Code § 29–22–18a(d)(3) (Supp.2002). The statute created the West Virginia Economic Development Grant Committee (hereinafter "Grant Committee") and granted it authority to select and approve applicants for grants to finance economic development projects through the issuance of revenue bonds to be repaid from an account within the West Virginia Lottery Fund designated as the "state excess lottery revenue fund." 213 W.Va. at 260, 580 S.E.2d at 874.

The case originated in this Court on September 3, 2002, when CAG filed a petition seeking writs of mandamus and prohibition concerning the Grant Committee's approval of the "Wheeling Project" which involved the renovation of various buildings in downtown Wheeling, West Virginia, for the purpose of constructing a Victorian-themed outlet retail center. This Court issued a rule returnable in the Circuit Court of Kanawha County to permit development of the record. Thereafter, the circuit court held various hearings and then ruled that the Grant Committee's singular consideration of the Wheeling Project was flawed because there was an implied statutory requirement that the various grant applications should be comparatively evaluated. However, the circuit court found no constitutional infirmities with regard to the manner in which the Grant Committee members were selected or the legislation authorizing the Grant Committee's actions. 213 W.Va. at 261, 580 S.E.2d at 875. CAG appealed this decision.

On appeal, this Court determined that the statutory provision governing the selection of the citizen members of the Grant Committee, W.Va.Code § 29–22–18a(d)(3), was unconstitutional because it violated the separation of powers provision of Article V, Section 1 of the West Virginia Constitution and the appointments provision found in Article VII, Section 8 of the West Virginia Constitution. We, likewise, found W.Va.Code § 29–22–18a(d)(3) unconstitutional because it failed to provide sufficient standards to guide the Grant Committee in selecting the projects to be awarded funding from the State and thus, wrongfully delegated powers of the Legislature in violation of Article VI, Section 1 of the West Virginia Constitution. This Court, however, found that the funding mechanism

---

1. At this juncture, we note that the City of Wheeling and Kanawha County Commission did not participate in this matter. CAG only sought payment of attorney's fees from the West Virginia Economic Development Grant Committee.

for the economic development grants did not violate Article X, Section 4 of the West Virginia Constitution. Also, we determined that the statute did not wrongfully extend public aid for the benefit of private interests in violation of Article X, Section 6 of the West Virginia Constitution.

Based on the foregoing, we affirmed, in part, and reversed, in part, the circuit court's order. We further advised the Legislature that should it desire to proceed with the statutory approach of encouraging economic development in this State, it was required to

amend the subject legislation to provide for the executive appointment of the members of the Grant Committee without use of a submitted list of nominees from the presiding officers of the two houses of the Legislature and to further provide the necessary guidance in the form of legislative standards that will enable the Committee to perform its statutory task of reviewing and selecting among the submitted project applications in accord with the announced legislative objective of economic development.

213 W.Va. at 280, 580 S.E.2d at 894.[2]

## II.

## DISCUSSION

As set forth above, CAG argues it is entitled to an award of attorney's fees because it substantially prevailed on the merits of this case. We agree. Generally, each litigant bears his or her own attorney's fees. *See* Syllabus Point 9, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991). However, there are well-established exceptions to this rule, one of which is mandamus proceedings involving public officers who have failed to obey the law. In that regard, this Court first held in Syllabus Point 4 of *Nelson v. West Virginia Public Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982), that, "[i]n mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded." *Cf. State ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Division of*

*Environmental Protection,* 193 W.Va. 650, 653, 458 S.E.2d 88, 91 (1995) ("A public official's lack of intent to disregard a mandatory duty is insufficient to avoid such awards[.]").

In *State ex rel. West Virginia Highlands Conservancy, Inc. v. West Virginia Division of Environmental Protection,* 193 W.Va. 650, 458 S.E.2d 88 (1995) (hereinafter *"Highlands II"*), this Court expanded upon *Nelson* and awarded attorney's fees to various environmental groups which were granted a writ of mandamus to compel the West Virginia Division of Environmental Protection to use monies from the Special Reclamation Fund to treat acid mine drainage at bond forfeiture sites. We explained in Syllabus Point 1 of *Highlands II* that,

Costs and attorney's fees may be awarded in mandamus proceedings involving public officials because citizens should not have to resort to lawsuits to force government officials to perform their legally prescribed nondiscretionary duties.

In this vein, we find that it is also unjust to require litigants, such as CAG, to assume the burden of prosecuting a lawsuit to challenge the constitutionality of a statutory enactment, the validity of which was questionable from its inception. As a logical extension of our prior case law permitting awards of attorney's fees in mandamus proceedings against governmental officials, then, we hold that attorney's fees may be awarded to a prevailing petitioner in a mandamus proceeding when the petitioner makes a constitutional challenge to a statute and that statute is found and declared to be unconstitutional.

Based upon this Court's holding and our prior decision in *Highlands II,* we believe an award of attorney's fees is appropriate in the case *sub judice.* Such an award is also consistent with our holding in Syllabus Point 4 of *Highlands II:*

Where a public official has failed to exercise a clear legal duty, although the failure was not the result of a decision to knowingly disregard a legal command, there is no presumption in favor of an award of attorney's fees. Rather, the court will

**2.** In July 2003, the West Virginia Legislature amended the statute in accordance with this

Court's directive. *See* W.Va.Code § 29–22–18a (Special Supp.2003).

weigh the following factors to determine whether it would be fairer to leave the costs of litigation with the private litigant or impose them on the taxpayers: (a) the relative clarity by which the legal duty was established; (b) whether the ruling promoted the general public interest or merely protected the private interest of the petitioner or a small group of individuals; and (c) whether the petitioner has adequate financial resources such that petitioner can afford to protect his or her own interests in court and as between the government and petitioner.

When the factors enumerated above are considered, we believe they weigh in favor of an award of attorney's fees. In particular, we believe that the vast public interests the underlying lawsuit sought to protect and the sparse resources of CAG, which consist mostly of public and private contributions, warrant an award of attorney's fees in this case.

Moreover, we are compelled to consider the fact that this action was not filed to merely force a government official to perform his or her legally prescribed duty. Rather, CAG sought a determination of whether the subject legislation was constitutional. We reiterate that we do not believe that citizens should have to resort to lawsuits to prevent government officials from violating our state constitution.

 While we have determined CAG is entitled to an award of attorney's fees, we must consider the fact that it did not prevail on all of the issues. In Syllabus Point 5 of *Highlands II* this Court explained that,

> Apportionment of attorney's fees is appropriate where some of the claims and efforts of the claimant were unsuccessful. Where part of the attorney's fees sought was expended on discrete efforts that

achieved no appreciable advantage in the litigation, or where the claim for attorney's fees rests partly on a result to which the claimant made no significant contribution, a court may consider these circumstances and apportion the attorney's fees accordingly.

 In this case, CAG has submitted a statement indicating that its attorney spent a total of 321.4 hours working on the underlying case. As set forth above, CAG prevailed on two of its constitutional challenges to the statute as determined by this Court and was unsuccessful on three other claims. Also, CAG prevailed before the circuit court on its challenge to the Wheeling Project.[3] In sum, CAG's success rate was slightly less than 50%. Therefore, we find that CAG is entitled to attorney's fees for 148.6 hours of work expended in prosecuting this case. We further find that an hourly rate of $195.00 is appropriate given the experience of counsel and the nature of the case. *See Daily Gazette Co., Inc. v. West Virginia Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999) (approving attorney's fees at an hourly rate of $195.00 for successful prosecution of an action filed under the Freedom of Information Act). Accordingly, for the reasons stated above, CAG's motion for attorney's fees is granted, in part, and the Grant Committee is ordered to pay CAG attorney's fees in the amount of $28,977.00.

Motion granted, in part.

---

**3.** The Grant Committee did not appeal the circuit court's decision regarding the Wheeling Project

and, thus, that issue was not presented to this Court.