Filed 5/27/15

CERTIFIED FOR PARTIAL PUBLICATION[*]

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> THE CITY OF SAN DIEGO et al., <br><br> Defendants and Appellants. | D065178 <br><br><br> (Super. Ct. No. 37-2012-00086105-CU-WM-CTL) |

APPEAL from a judgment and an order of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed as modified and remanded.

Jan I. Goldsmith, City Attorney, and George F. Schaefer, Deputy City Attorney, for Defendants and Appellants.

Law Office of Bryan Pease, Bryan W. Pease; Law Offices of Todd T. Cardiff and Todd T. Cardiff for Plaintiffs and Respondents.

---

[*]     Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts III.B., III.C., and III.D.

# I.

## INTRODUCTION

The primary issue we must decide in this appeal is whether a municipality may be considered an "opposing part[y]" for purposes of the private attorney general fee statute (Code Civ. Proc., § 1021.5)[1] when it confesses error in response to a petition for writ of mandate challenging the municipality's action.  In the published portion of this opinion, we conclude that a municipality may be considered an opposing party under such circumstances and that the trial court did not err in concluding that the municipality in this case was an opposing party and awarding private attorney general fees to respondents.  In unpublished portions of this opinion, we conclude that the trial court did not abuse its discretion in awarding respondents attorney fees for certain work performed prior to the filing of the petition in this case, that the trial court erred in awarding respondents costs in light of their failure to file a memorandum of costs as required under the California Rules of Court, and that respondents are entitled to appellate attorney fees in an amount to be determined on remand.

---

[1]     All subsequent statutory references are to the Code of Civil Procedure, unless otherwise specified.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *Respondents' petition for writ of mandate and appellants' confession of error*

In November 2012, respondents Animal Protection and Rescue League, Friends of the Seals, Ellen Shively, Deborah Saracini, Shannon Player, Robb Meade, Marilies Schoepflin, Dorota Valli, and Jerry Horna (collectively "APRL") brought a petition for writ of mandate against appellants City of San Diego and its Planning Commission ("the City"),[2] coupled with a request for injunctive and declaratory relief.  In its petition, APRL noted that the present litigation was related to a long-running dispute concerning whether the City should maintain a year-round guideline rope at the La Jolla Children's Pool for the purpose of protecting harbor seals from humans.  APRL sought an order requiring the City to vacate and set aside the Planning Commission's denial of a permit for the guideline rope and to reinstate the findings of a hearing officer in support of the permit.

Approximately three months later, the City filed an answer in which it confessed error and conceded that the "Planning Commission erred when it denied the Site Development Permit for an annual rope barrier."  The City stated that it did "not oppose

---

[2]      The City acknowledged in its answer to APRL's petition that, "The Planning Commission . . . is not a separate legal entity from the City, but rather only a constituent agency of the City of San Diego, a municipal corporation and chartered city."

lawful writ relief, including a Court order directing that the denial of a Site Development Permit be set aside."

B.      *Friends of the Children's Pool's participation in the case*

On March 12, 2013, APRL filed an ex parte application for an order to show cause seeking entry of judgment in the case.  In the application, APRL stated that "[b]ecause related case *Friends of Children's Pool v. City of San Diego*, case number 37-2013-0003894-CU-WM-CTL will be made moot by APRL's writ petition being granted, this party [Friends of the Children's Pool (FOCP)] will likely wish to be heard as well."  The following day, the trial court held a hearing on the APRL's application and granted FOCP the right to file an opposition to APRL's anticipated filing of a motion for entry of judgment on the writ petition in this case.

APRL filed a motion for entry of judgment on its writ petition on March 20.

FOCP filed an opposition to APRL's motion for entry of judgment on March 29. That same day, the City filed a nonopposition to APRL's motion for entry of judgment in which it noted its confession of error, and stated, "City therefore does not oppose [APRL's] motion for entry of judgment granting writ relief."

A few days later, FOCP filed an ex parte application for leave to file a complaint in intervention.  APRL filed an opposition and the trial court held a hearing on the application.  At the hearing, the City orally opposed FOCP's application to intervene. The trial court denied FOCP's request to intervene in the case as a party, but indicated

4

that it would consider FOCP's opposition to the motion for entry of judgment as an amicus curiae brief.

The City filed a reply to FOCP's amicus curiae brief in which it further explained the basis for its confession of error, and APRL filed a reply brief in support of its motion for entry of judgment

C.    *The trial court's order and judgment granting the writ of mandate*

The trial court held a hearing on APRL's motion for entry of judgment at which APRL, FOCP, and the City appeared.  At the conclusion of the hearing, the trial court entered an order granting APRL's petition for writ of mandate.  The trial court then entered a judgment granting APRL's petition for writ of mandate and issued a corresponding peremptory writ of mandate.

D.    *APRL's motion for attorney fees*

APRL filed a motion requesting an award of private attorney general fees in the amount of $123,243.75[3] against the City pursuant to section 1021.5, which provides that "a court may award attorneys' fees to a successful party against one or more *opposing parties* in any action which has resulted in the enforcement of an important right affecting the public interest," under certain specified circumstances.  (Italics added.)  APRL sought

---

[3]    The amount reflected a requested lodestar amount of $82,162.50 and a multiplier of 1.5.  (See *Cates v. Chiang* (2013) 213 Cal.App.4th 791, 820 [explaining that under the "lodestar method," the "court first determines the number of hours reasonably expended by the attorneys and then multiplies this figure by the reasonable hourly rate prevailing in the community for similar work," and then "engages in the multiplier analysis, and determines whether the lodestar figure should be augmented or diminished by one or more relevant factors"].)

fees for work performed during and prior to the filing of the litigation in this case, as well as for work performed in services rendered in a related case (*Animal Protection and Rescue League v. Sanders* (Super. Ct. San Diego County, 2012, No. 37-2012-00103629) (*APRL v. Sanders*) in which APRL had sought a preliminary injunction requiring installation of the guideline rope at issue in this case. Among other documents, APRL lodged declarations from its attorneys and detailed time records in support of its motion. APRL also requested that the court award it $555 in costs.

The City opposed the motion for attorney fees on the ground that the City was "never an opposing party" because it had "confessed error at the inception of [the] case." The City also argued that APRL was not entitled to any fees for 58.8 hours of work that the City claimed APRL's attorneys had performed in *APRL v. Sanders* because, it claimed, that work was "not useful or necessary to . . . success in the present action." The City maintained that APRL's request for costs was improper because APRL had failed to file a memorandum of costs, as required.

APRL filed a reply in which it clarified the basis for its request of an award of attorney fees for the 58.8 hours of work performed prior to the filing of the petition in this case to which the City had raised an objection. APRL contended that 35.05 of the 58.8 hours were spent exclusively on preparation and research for the current writ action and 23.75 were spent on tasks performed in *APRL v. Sanders* that were inextricably intertwined with the present action. APRL presented a chart demonstrating 14 time entries detailing the tasks performed in the *APRL v. Sanders* case that it contended were

6

related to this case, and argued that it was not seeking fees for "other outside issues also raised in *APRL v. Sanders*."

E.      *The trial court's attorney fee and cost order*

After a hearing, the trial court entered an order on November 13 awarding APRL $82,717.50, including $82,162.50 in attorney fees and $555 in costs. The court reasoned in part:

> "Although the City filed a non-opposition to [APRL's] motion for entry of judgment in their favor, the City's action via the Planning Commission, caused [APRL] to bring the current action. This coupled with the opposition from . . . Amicus [FOCP] is enough to warrant [APRL's] reasonable expenses in preparing and bringing the current action. Therefore, [APRL is] entitled to a total of $82,717.50 under [section] 1021.5, reflecting a costs award of $555 and a total of 234.75 billable hours at a rate of $350 per hour. This includes $61,582.50 for the current action, reflecting 175.95 billable hours, and $20,580 for pre-litigation hours, reflecting 35.05 billable hours spen[t] on preparation and research and 23.75 billable hours on tasks intertwined with the current case."

The trial court denied APRL's request that the court apply a multiplier to the lodestar amount.

That same day, the court amended the judgment to reflect the award of attorney fees and costs in the amount of $82,717.50.

F.      *The appeal*

The City appeals from the attorney fee order and the amended judgment.

7

III.

DISCUSSION

A.  *The trial court properly concluded that the City was an opposing party for purposes of awarding attorney fees pursuant to section 1021.5*

The City contends that the trial court erred in concluding that it was an "opposing part[y]" for purposes of awarding attorney fees pursuant to section 1021.5.

1.  *Standard of review*

In *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1173 (*Connerly*), the Supreme Court considered whether an entity called the California Business Council, whose role in the underlying case shared attributes of both an amicus curiae and a real party in interest, was an "opposing part[y]" within the meaning of section 1021.5. The *Connerly* court began its analysis by describing the standard of review to be applied in making such a determination.

> "The proper standard of review was set forth in *Carver v. Chevron USA, Inc.* (2002) 97 Cal.App.4th 132, 142: 'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law.'
>
> "Here, the question is whether the California Business Council can be assessed attorney fees under section 1021.5 as an 'opposing party[]' within the meaning of that statute. Under some circumstances, this may be a mixed question of law and fact and, if factual questions predominate, may warrant a deferential standard of review. [Citation.] As will become clear below, however, the

8

material facts in the present case are largely undisputed. The controversy is over whether a litigant in the California Business Council's somewhat unusual position can be considered an 'opposing party.' This is a question of law and is reviewed by us de novo. [Citation.]" (*Connerly, supra,* at pp. 1175-1176.)

In this case, as in *Connerly,* the issue on appeal is whether an entity may be assessed attorney fees under section 1021.5 as an "opposing part[y]" within the meaning of that statute, and the material facts relevant to this determination are undisputed. (See *Connerly, supra,* 37 Cal.4th at pp. 1175-1176.) Accordingly, we apply the de novo standard of review to the City's claim.

2.      *Governing law*

Section 1021.5 provides in relevant part:

> "Upon motion, a court may award attorneys' fees to a successful party against one or more *opposing parties* in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."[4]  (Italics added.)

In *Connerly*, the Supreme Court outlined the meaning of the terms "opposing parties" in section 1021.5:

> "Because the term 'opposing parties' is not defined, it can be assumed that the Legislature was referring to the conventional

---

[4]     The City's claim on appeal relates solely to whether it was an "opposing part[y]," under section 1021.5. The City does not raise any challenge related to the "significant benefit," "necessity," or "interest of justice" prongs of section 1021.5.

9

definition of that term. As we have recognized, the edition of Black's Law Dictionary current at the time that section 1021.5 was drafted states that ' "[p]arty" is a technical term having a precise meaning in legal parlance; it refers to "those by or against whom a suit is brought . . . , the party plaintiff or defendant. . . ." ' [Citation.]

"Generally speaking, the opposing party liable for attorney fees under section 1021.5 has been the defendant person or agency sued, which is responsible for initiating and maintaining actions or policies that are deemed harmful to the public interest and that gave rise to the litigation. [Citations.]" (*Connerly, supra*, 37 Cal.4th at pp. 1176-1177.)

3. *Application*

Applying the definition of opposing parties provided in *Connerly*, the City is the named respondent to APRL's writ petition, and, as such, is the entity "against whom [the] suit is brought." (*Connerly, supra*, 37 Cal.4th at p. 1176.) Further, the City, via its Planning Commission, was the entity "responsible for initiating and maintaining actions or policies . . . that gave rise to the litigation." (*Id*. at p. 1177.) Thus, the City fits squarely within the definition of "opposing party" provided in *Connerly*. (*Id*. at p. 1176.)

The City contends that it may not be considered an opposing party because, "at no point *in the litigation* did the City take a position adverse to [APRL]." (Italics added.) However, as *Connerly* makes clear, it is generally the entity responsible for the actions "that *gave rise* to the litigation" that is an opposing party under section 1021.5. (*Connerly, supra*, 37 Cal.4th at p. 1177, italics added.) There can be no question that the City, through its Planning Commission, fits this definition. APRL sought and obtained a peremptory writ of mandate requiring the City to vacate and set aside the Planning

10

Commission's denial of a permit for the year-round guideline rope. The fact that the City confessed its error and agreed to have a judgment entered against it does not provide a reasonable basis for concluding that the City may not be subject to an attorney fee award under section 1021.5. (See *Planned Parenthood v. Aakhus* (1993) 14 Cal.App.4th 162, 174 [rejecting party's contention that stipulated nature of judgment prevented the awarding of attorney fees and stating "[a]n opposing party's admission or nonadmission of liability is irrelevant for purposes of an award pursuant to section 1021.5"].)[5]

Indeed, to hold that an entity may avoid being required to pay an award of attorney fees under section 1021.5 merely by confessing error after being sued would be, as APRL correctly points out, wholly inconsistent with the well-established catalyst theory of recovery. "Under the catalyst theory, attorney fees may be awarded even when litigation does *not* result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation." (*Graham v. DaimlerChrysler*

---

[5]     At oral argument, in response to questioning from this court, the City suggested for the first time that the trial court abused its discretion in not limiting the City's liability for attorney fees to fees incurred prior to FOCP's participation in the case, since the majority of the fee award is attributable to fees incurred by APRL in opposing FOCP, not the City, in the trial court. It is well established that we need not consider claims raised for the first time at oral argument. (See, e.g., *Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 291, fn. 2 [" 'We do not consider arguments that are raised for the first time at oral argument' "].) Therefore, we need not consider whether the trial court abused its discretion under section 1021.5 in failing to make such an apportionment. In so stating, we emphasize that we express no opinion as to the legality of any such apportionment. (See *Connerly, supra*, 37 Cal.4th at p. 1182 ["Given the existence of state defendants, and their uncontroverted liability for attorney fees, making the [amicus curiae] also liable for those fees is not necessary to fulfill [the] purpose [of section 1021.5]"].)

11

*Corp.* (2004) 34 Cal.4th 553, 560, italics added.)  We can conceive of no reason why section 1021.5 should be interpreted to *permit* an award of attorney fees pursuant to a catalyst theory of recovery where a defendant changes its behavior *without* judicial resolution, but to *deny* recovery where an entity confesses error *in response to* ligation. Such a holding would have the effect of encouraging entities to refuse to change their behavior until a suit is filed and error could be confessed.[6]

This court's decisions in *Nestande v. Watson* (2003) 111 Cal.App.4th 232 (*Nestande*) and *McGuigan v. City of San Diego* (2010) 183 Cal.App.4th 610 (*McGuigan*), on which the City relies, do not support the City's contention that it was not an "opposing part[y]" under section 1021.5.  In *Nestande*, this court interpreted the term "opposing parties" as follows:

> "Section 1021.5 does not specifically define 'opposing parties.'  In construing the statute, however, we must give the words their 'usual and ordinary meaning.'  [Citation.]  The dictionary definition of 'opposing' is 'opposite in position' or 'active in or offering opposition.'  [Citation.]  An 'opposite party' means '[a]n adversary in litigation.'  [Citation.]  Thus, we construe the term 'opposing party' as used in section 1021.5 to mean a party whose position in the litigation was adverse to that of the prevailing party.  Simply put, an

---

6    In its reply brief, the City contends that APRL "waived the 'catalyst theory' " of recovery.  The City misunderstands APRL's argument.  APRL is not contending that it is entitled to recover attorney fees pursuant to the catalyst theory of recovery.  Rather, APRL is contending that to adopt the argument advanced by the City on appeal would defeat the purpose of section 1021.5 and be inconsistent with the catalyst theory.  APRL made this same argument in the trial court, noting, "Like the Petitioners in all catalyst cases, the fact that the agency (or respondent) was willing to comply after litigation was filed, does not preclude the award of attorney's fees."

'opposing party' within the meaning of section 1021.5 is a losing party."[7] (*Nestande, supra*, at pp. 240-241.)

Applying this definition, the *Nestande* court concluded that one respondent (Songstand) was not entitled to recover attorney fees from two governmental actors (Lever and Watson) who also had been named as respondents in a lawsuit brought by a third party (Nestande). (*Nestande, supra*, 111 Cal. App.4th at pp. 240-241.) The *Nestande* court reasoned in part, "Lever and Watson were prevailing parties on the same side of the litigation as Songstand, and they were not opposing parties to Songstand." (*Id*. at p. 241.)

In contrast to *Nestande*, in this case, the City's position *was* "adverse to" ARPL. (*Nestande, supra*, 111 Cal.App.4th at p. 241.) Further, unlike in *Nestande*, the City was also clearly the "losing party," since APRL obtained a judgment against the City. (*Ibid.*) Finally, unlike the governmental actors in *Nestande*, the City was not on the same side of the litigation as the party seeking fees. (*Ibid*.)

In *McGuigan*, this court applied *Nestande*, among other decisions, in considering whether a municipality, as one of two settling parties defending a settlement in an appeal pursued by third party objectors, could be assessed *appellate* attorney fees under section 1021.5 in favor of the other settling party (McGuigan). (*McGuigan, supra*, 183 Cal.App.4th at p. 618.) This court concluded that McGuigan could not recover appellate

---

7    *Nestande* was decided more than two years prior to *Connerly*, and thus, the *Nestande* court did not apply the definition of the term "opposing part[ies]" later adopted in *Connerly*. (*Connerly, supra*, 37 Cal.4th at p. 1176.)

attorney fees against the municipality since, in the appeal, the municipality "was simply not an 'opposing party' to [McGuigan] when these fees were incurred; rather, these parties were allied in interest in defending the settlement . . . ." (*Ibid*.)[8]

This case does not present the "unique procedural context" (*McGuigan, supra*, 183 Cal.App.4th at p. 618) presented in *McGuigan* in which one respondent seeks appellate attorney fees from a "fellow respondent" in an appeal brought by a third party. (*Id*. at p. 629.) In addition, unlike in *McGuigan*, the City and APRL were not aligned by a settlement that was being attacked in an appeal brought by a third party. Further, we reject the City's argument that, viewing the record " 'realistically,' " as *McGuigan* instructs, "the 'real dispute' in our case was between [FOCP] and [APRL], with the City indisputably allied with [APRL]." On the contrary, in this case, APRL sued the *City* seeking an order directing the *City* to take action, and, after the *City* confessed error, APRL obtained a judgment against the *City*. In addition, FOCP is not similarly situated to the objectors in *McGuigan*, who were parties to the case and who had taken the appeal at issue. In this case, the trial court denied FOCP's motion to intervene and FOCP merely had "an ideological or policy interest [in the case] typical of an amicus curiae . . . ." *Connerly, supra*, 37 Cal.4th at p. 1181.)

---

[8]    The *McGuigan* court noted that McGuigan obtained $1.6 million in private attorney general fees against the municipality in the underlying case. (*McGuigan, supra*, 183 Cal.App.4th at p. 621.)

Accordingly, we conclude that the trial court properly determined that the City was an opposing party for purposes of awarding attorney fees pursuant to section 1021.5.[9]

B. *The trial court did not abuse its discretion in awarding attorney fees for work conducted prior to the filing of the petition in this case*

The City claims that the trial court erred in awarding APRL attorney fees for work conducted prior to the filing of the petition in this case. We review this claim for an abuse of discretion. (See, e.g., *Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1319-1320 [" 'An appellate court will interfere with the trial court's determination of the amount of reasonable attorney fees only where there has been a manifest abuse of discretion' "].)

The City raises several arguments in support of its claim that the trial court abused its discretion in awarding attorney fees for prelitigation work, none of which is persuasive. First, the City contends that the prelitigation work (i.e., attorney services performed in connection with *APRL v. Sanders* and services performed in preparation of the filing of the petition in this case) were unnecessary since the City was not an

_____

9    In its reply brief, the City asserts for the first time, "[P]enalizing the City with an award of fees for an erroneous permitting decision by the Planning Commission violates the immunity protection afforded the City under Government Code sections 815.2[, subdivision] (b), 818.4, 820.9, 821.2, and 821.6." Without suggesting that this novel contention has merit, we decline to consider it because the City has not demonstrated good cause for raising it for the first time in reply. (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10 [" ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. . . . " ' [citation]"].)

15

opposing party in this litigation. We reject this argument for the reasons stated in part III.A., *ante*. The City was an opposing party in this litigation.

Next, the City contends that seven of the eight respondents in this case were not parties in *APRL v. Sanders* and that "[t]he purpose behind [*APRL v. Sanders*] was less about protecting seals and more about derailing the criminal prosecution of [Animal Protections and Rescue League's] lawyer."[10] This argument is unpersuasive because Animal Protection and Rescue League was a litigant in both cases and APRL did not seek any attorney fees for work performed in *APRL v. Sanders* related to the criminal prosecution at issue in *APRL v. Sanders*.

The City also argues that the Animal Protection and Rescue League's claim in *APRL v. Sanders* seeking an injunction requiring the installation of the guideline rope was "completely frivolous" and that the prior litigation was "not ripe" because the Planning Commission had not yet denied the permit for the guideline rope. The fact that Animal Protection and Rescue League did not prevail in the prior litigation does not demonstrate that work performed in the prior litigation was not necessary to this case. The City fails to address any of the 14 specific time entries related to the *APRL v. Sanders* litigation for which APRL sought attorney fees in this case, all of which appear

---

10      The City noted in its brief that one of the issues in *APRL v. Sanders* was Animal Protection and Rescue League's attempt to obtain a judicial declaration related to a criminal prosecution of its attorney unrelated to the specific controversy at issue in this case. We refer to Animal Protection and Rescue League here by its full name in order to distinguish it from APRL, which we used to refer collectively to all of the respondents in this case, including individual respondents.

to be clearly related to issues litigated in this case. The City has thus failed to demonstrate that the trial court abused its discretion in awarding APRL attorney fees for work performed in *APRL v. Sanders* related to Animal Protection and Rescue League's efforts to require the City to install a guideline rope, the same goal that APRL sought in this case.

Accordingly, we conclude that the trial court did not abuse its discretion in awarding attorney fees for work conducted prior to the filing of the petition in this case.

C.  *APRL concedes that the costs component of the award must be stricken because it failed to file a timely memorandum of costs*

The City claims that the trial court erred in awarding APRL $555 in costs. The City argues that APRL failed to file a memorandum of costs, as is required pursuant to California Rules of Court, rule 3.1700(a)(1), which states that "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment." In their respondents' brief, APRL "waives their right to costs based on their failure to file a memorandum of costs." We accept the concession, and order the costs component of the trial court's attorney fee and costs award stricken.

D.  *APRL is entitled to appellate attorney fees in an amount to be determined by the trial court on remand*

In its respondents' brief, APRL requests attorney fees incurred in the current appeal. As the prevailing parties on the attorney fee issue raised on appeal, they are entitled to appellate attorney fees under section 1021.5. (See *Center For Biological*

17

*Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 624.) Accordingly, on remand the trial court shall determine the amount of appellate attorney fees to award APRL and enter an award accordingly. (See *ibid.*)

## IV.

## DISPOSITION

The award of $555 in costs in the November 13, 2013 order and amended judgment is stricken, thereby reducing the total award from $82,717.50 to $82,162.50. As so modified, the November 13, 2013 order and amended judgment are affirmed.

In the interests of justice, APRL is entitled to recover its costs on appeal. The matter is remanded to the trial court with directions to award appellate attorney fees to APRL in an amount to be determined by the trial court on remand.

AARON, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.

18